1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOHNNY CHOINSKI,<br><br>               Petitioner,<br><br>     v.<br><br>J. SALAZAR, Warden, <u>et</u> <u>al.</u>,<br><br>               Respondents. | No. CV 09-8967-MMM (PLA)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION |

Johnny Choinski ("petitioner") initiated this action on December 7, 2009, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. The instant Petition challenges his 2002 conviction in the Los Angeles County Superior Court and raises a single claim: the trial court imposed an illegal upper term sentence based on aggravating factors not found by the jury beyond a reasonable doubt. (Petition at 5a-5b).

The Court observes that on March 20, 2006, petitioner filed an earlier habeas petition in this Court, Case No. 06-1672-MMM (PLA), which also challenged his 2002 conviction. The 2006 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on February 24, 2009.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1273 (9th

Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003).  The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2006 federal habeas challenge, petitioner raised the following claims: (1) the prosecution committed misconduct by withholding, hiding, or covering up evidence; (2) petitioner's trial counsel rendered ineffective assistance for failing to investigate and present a defense to all of the charges; (3) the prosecutor committed misconduct by failing to disclose evidence regarding the injuries to petitioner's spouse; (4) the prosecution failed to disclose exculpatory evidence; (5) petitioner's trial counsel rendered ineffective assistance; and (6) petitioner's trial resulted in a fundamental miscarriage of justice as the prejudicial effect of all errors violated due process.  (See Final Report and Recommendation, issued on March 24, 2008, at p. 6).  As mentioned above, the action was dismissed on the merits and with prejudice.  (See Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on February 24, 2009).  Petitioner's subsequent request for a certificate of appealability was denied.

Because the 2006 petition was denied on the merits, the instant Petition is considered to be a successive application.  Although petitioner sets forth a new sentencing claim in the instant Petition, he nevertheless is required to seek authorization from the Ninth Circuit before filing a

1  successive petition.  28 U.S.C. § 2244(b)(3)(A).  There is no indication that petitioner has obtained

2  such permission from the Ninth Circuit.  See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793,

3  166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of

4  Appeals before filing a second habeas petition).  It therefore appears that the Court is without

5  jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d

6  at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper

7  authorization from the court of appeals, consider a second or successive habeas application.'").

8          Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be

9  dismissed as successive.  Specifically, petitioner must submit to the Court **on or before**

10 **December 30, 2009**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he

11 properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a

12 successive petition, and that the Ninth Circuit issued such an order.  **Failure to respond by**

13 **December 30, 2009, will result in the Court issuing a recommendation that the instant**

14 **Petition should be dismissed without prejudice.**[1]  See Reyes v. Vaughn, 276 F.Supp.2d 1027,

15 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to

16 seek authorization from the Ninth Circuit).

19 DATED:   December 9, 2009

20                                   PAUL L. ABRAMS
                                    UNITED STATES MAGISTRATE JUDGE

[1]     In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.